SUPERIOR COURT OF
THE DISTRICT OF COLUMBIA

DAVID LITTLEPAGE
3072 Stanton Road, SE
#101
Washington, DC 20020

Plaintiff,

v.

LAVINIA A. QUIGLEY
1215 3rd St NE
Washington, DC 20002

and

ALBERT SABIR
1215 3rd St NE

and

HINA L. RODRIGUEZ
1215 3rd St NE
Washington, DC 20002

and

GOVERNMENT OF THE DISTRICT
OF COLUMBIA
SERVE:
Vincent Gray, Mayor
1350 Pennsylvania Avenue NW
Suite 316
Washington, D.C. 20004

SERVE: Darlene Fields

14 - 0002538

Civil Action No:

RECEIVED
Civil Clerk's Office
APR 2 4 2014
Superior Court
District of Col...
Washington, D.C.

| | |
|---|---|
| Attorney General for the District of Columbia<br>441 4th Street, N.W., 6th Floor South<br>Washington, D.C. 20001<br><br>Defendants | |

## COMPLAINT

## COMPLAINT FOR MONEY DAMAGES WITH JURY DEMAND

1. This is an action for a judgment for money damages for false arrest under the common law and Section 1983 brought by plaintiff David Littlepage against defendants the Government of the District of Columbia (hereinafter the "District of Columbia" or the "District") and certain members of the District of Columbia Metropolitan Police Department ("MPD"), Lavinia A. Quigley, Albert Sabir, and Hina L Rodriguez.

## PARTIES

2. Plaintiff Mr. Littlepage is an elderly gentleman who is disabled and lives on Social Security. Mr. Littlepage is a longtime resident of the District of Columbia.

3. Defendant government of the District of Columbia is a municipal corporation capable of being sued under D.C. Code § 1-102. Lavinia A. Quigley, Albert Sabir, and Hina L Rodriguez are employees of the District of Columbia who conducted a search of Mr. Littlepage's home in the District.

4. At all times Lavinia A. Quigley, Albert Sabir, and Hina L Rodriguez were acting within the scope of their employment and pursuant to a policy of the District of Columbia.

5. For purposes of § 1983 this complaint names Lavinia A. Quigley, Albert Sabir, and Hina L Rodriguez in their individual capacities.

## FACTUAL ALLEGATIONS

## INTRODUCTION

6. On about April 26, 2013 at least five member of the MPD (some wearing masks) including Lavinia A. Quigley, Albert Sabir, Jason Pearce Best, Harry Allen, Hina L Rodriguez, Deryl M Johnson burst into Mr. Littlepage's home at 3072 Stanton Road, SE, #101, Washington, DC pursuant to a warrant based on information provided by a so called "confidential informant."

7. The warrant alleged that cocaine was being sold from and was present at Mr. Littlepage's home but did not describe with particularity the place to be searched.

8. The home in fact is not used for the sale or possession of cocaine.

9. The MPD officers found no cocaine in the home.

10. Mr. Littlepage shares the home with his daughter, Ayesha, approximately 16 at the time of the search, and his son, Terence, approximately 18 at the time of the search.

11. Ayesha and Terrence each had their own rooms.

12. Ayesha had a poster of a popular singer, Lil Wayne, hanging on her wall in her room.

13. During the search the MPD made Mr. Littlepage and his children wait outside the house.

14. The MPD took $345 dollars from under the bed in Terrence's room that belonged to Terrence and was earnings from his job.

15. The MPD seized the money claiming that it was Mr. Littlepage's and that it was drug related.

16. The search warrant did not authorize the seizure of money.

17. The MPD say they also found what they believed was a marijuana pipe "in the room with the Li'l Wayne poster."

18. The MPD did not field test the pipe for THC. The case was no-papered and so no chemist ever tested the pipe for THC.

19. Defendant Albert Sabir came outside where Mr. Littlepage was and Officer Sabir said "I found this [showing the object believed to be a pipe] in Lil Wayne's room."

20. Detective Quigley asked Mr. Littlepage whose "pipe" it was.

21. Mr. Littlepage truthfully responded he did not know.

22. But, he knew Ayesha had a poster of Lil Wayne on her bedroom wall.

23. Detective Quigley said in the presence and hearing of Officer Sabir to Mr. Littlepage, "I'm gonna lock somebody up," and told Mr. Littlepage that someone in the house -- him, his daughter, or his son – was going to jail because of the pipe and that it was his choice.

24. Mr. Littlepage clearly told Detective Quigley and Officer Sabir the "pipe" was not his but that he would take the arrest if they agreed not to arrest Ayesha.

25. Someone on the scene told Detective Quigley and Officer Sabir that Mr. Littlepage's living area was the living room and Ayesha had the room with the Lil Wayne poster.

26. Mr. Littlepage offered himself to protect his son and daughter.

27. Detective Quigley and Officer Sabir arrested Mr. Littlepage for possession of paraphernalia and took him to the 5 D police station.

28. Mr. Littlepage was released on citation that night after having to spend several hours at the station.

29. A few weeks later Mr. Littlepage went to court and found the case had been no-papered (i.e., the prosecutor declined to prosecute).

### Claim 1 – Common law false arrest claim against individual officers

30. Mr. Littlepage adopts by reference the paragraphs preceding Count 1 as if fully set forth herein.

31. Lavinia A. Quigley, Albert Sabir, and Hina L Rodriguez arrested Mr. Littlepage for possession of paraphernalia and detained him for several hours even though they knew the "pipe" was not his and they knew he had not committed any other crime.

32. The arrest of Mr. Littlepage was against his will and was not lawful or justified.

33. Detective Quigley was not justified in ordering the arrest of Mr. Littlepage because she knew the "pipe" was not his and that he had no knowledge of it and neither she nor any of the other officers saw him in possession of it.

34. Albert Sabir and Hina L Rodriguez were not justified in arresting Mr. Littlepage because they knew the "pipe" did not belong to him and they did not see it in his possession.

35. As a direct and proximate result of this false arrest, Mr. Littlepage suffered loss of liberty and emotional distress and mental injuries, and will continue to suffer emotional and mental distress.

**Claim 2 -- Common law false arrest claim against District of Columbia**

36. Mr. Littlepage incorporates herein the preceding paragraphs.

37. The District is liable in **respondeat superior** for the conduct of its officers named above in arresting Mr. Littlepage against his will and without justification.

38. At all relevant times its agents, its officers named above, were acting within the scope of their employment pursuant to an official policy or practice of the Mayor and the City Council.

39. As a direct and proximate result of this false arrest, Mr. Littlepage suffered loss of liberty and emotional distress and mental injuries, and will continue to suffer emotional and mental distress.

**Count 2 – 42 U.S.C. § 1983; Fourth Amendment claim against individual officers**

40. Mr. Littlepage adopts by reference the preceding paragraphs as if fully set forth herein.

41. Lavinia A. Quigley, Albert Sabir, and Hina L Rodriguez arrested Mr. Littlepage for possession of paraphernalia and detained him for several hours even though they knew the "pipe" was not his and they knew he had not committed any other crime.

42. The arrest of Mr. Littlepage was against his will and was not lawful or justified.

43. Detective Quigley was not justified in ordering the arrest of Mr. Littlepage because she knew the "pipe" was not his and that he had no knowledge of it and neither she nor any of the other officers saw him in possession of it.

44. Albert Sabir and Hina L Rodriguez were not justified in arresting Mr. Littlepage because they knew the "pipe" did not belong to him and they did not see it in his possession.

45. In arresting Mr. Littlepage, Lavinia A. Quigley, Albert Sabir, and Hina L Rodriguez acted intentionally or maliciously, unjustifiably, and unreasonably in violation of Mr. Littlepage's well-established right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures.

46. As a direct and proximate result of this violation, Mr. Littlepage suffered a deprivation of constitutional rights, loss of liberty, and suffered mental, and emotional distress, and will continue to suffer emotional and mental distress.

## RELIEF DEMANDED

Mr. Littlepage respectfully requests that this Court grant him the following relief:

A. Enter a judgment in favor of plaintiff in the amount of $100,000.

B. Enter a judgment awarding plaintiffs attorneys' fees and costs incurred in bringing this action under 42 U.S.C. § 1988; and

C. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579

Counsel for Mr. Littlepage

2020 Pennsylvania Ave, NW
#395
Washington, DC  20004
Phone 202/824-0700
Email claibornelaw@gmail.com

## JURY DEMAND

Plaintiffs demand a jury of six as to all claims so triable.

/s/ William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579
Counsel for Plaintiff



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

DAVID LITTLEPAGE
  Vs.                                                            C.A. No.      2014 CA 002538 B
LAVINIA A. QUGLEY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                         Chief Judge Lee F. Satterfield

Case Assigned to: Judge STUART G NASH
Date: April 24, 2014
Initial Conference: 9:30 am, Friday, July 25, 2014
Location: Courtroom A-47
          515 5th Street NW
          WASHINGTON, DC 20001                                            Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Daril Littlepage
_____
Plaintiff

vs.

Lavinia Quigley
_____
Defendant

Case Number  14-0002538

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

William Claiborne
_____
Name of Plaintiff's Attorney

2020 Pennsylvania Ave NW, #395
_____
Address
Washington DC 20006
_____
202 725 6065
_____
Telephone

By Patricia R. Richmond
_____
Deputy Clerk

Date April 24, 2014

如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요   ኣማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español