UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID LITTLEPAGE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-0899 (ESH) |
| LAVINIA QUIGLEY, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This action arises out of plaintiff David Littlepage's warrantless arrest for possession of a marijuana pipe. Alleging that he was arrested without probable cause, he is seeking damages from the District of Columbia ("District") and three members of the District of Columbia's Metropolitan Police Department ("MPD"), Lavinia Quigley, Albert Sabir, and Hina L. Rodriguez. He claims that the District and the three individual defendants are liable for common law false arrest and that the individual defendants are also liable under 42 U.S.C. § 1983 for violating his Fourth Amendment rights. Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants have moved to dismiss the complaint for failure to state a claim. (*See* District of Columbia and Quigley's Mot. to Dismiss, June 13, 2014 [ECF No. 4]; Albert Sabir's Mot. to Dismiss, July 9, 2014 [ECF No. 6].[1]) For the reasons stated herein, these motions will be denied.

### BACKGROUND

According to the allegations of the complaint, which must be accepted as true at this

---

[1] Sabir's motion to dismiss merely incorporates by reference the arguments presented by the District and Quigley's motion to dismiss. No motion has been filed by Rodriguez, and the docket not reflect whether she has been served.

stage, on April 26, 2013, Quigley, Sabir, and Rodriguez, along with several other MPD employees executed a search warrant at 3072 Stanton Road, SE, #101, Washington, DC, a two-bedroom home occupied by plaintiff and his two children, a 16-year old daughter and an 18-year old son. (Compl. ¶¶ 6, 10.) The warrant, which was issued based on information provided by a confidential informant, authorized a search for evidence that cocaine was being sold from and was present at that location. (*Id*. ¶ 7.) Plaintiff and his children were told to wait outside during the search. (*Id*. ¶ 13.) No cocaine was found. (*Id*. ¶ 9.)

During the search, however, Sabir came outside and told plaintiff that the officers had found "what they believe was a marijuana pipe in the [bed]room with the L'il Wayne poster."[2] (*Id*. ¶¶ 17, 19.) The bedroom with the L'il Wayne poster was plaintiff's daughter's bedroom. (*Id*. ¶ 11, 12.) His son occupied the other bedroom. (*Id*. ¶ 11.) Quigley asked plaintiff to whom the pipe belonged, and plaintiff truthfully said he didn't know. (*Id*. ¶¶ 20-21.) He knew, however, that the room with the L'il Wayne poster was his daughter's bedroom. (*Id.* ¶ 22.) Quigley said to plaintiff, in the presence and hearing of Sabir, "I'm gonna lock somebody up." (*Id*. ¶ 23.) He then told plaintiff that either he, his son or his daughter was going to jail because of the pipe and that it was plaintiff's choice which one of them it would be. (*Id*. ¶ 23.) Someone else at the scene told Quigley and Sabir that plaintiff's living area was the living room and that his daughter had the bedroom with the L'il Wayne poster. (*Id*. ¶ 25.) Plaintiff again told Quigley and Sabir that the pipe was not his, but, in order to protect his children, he would take the arrest if they agreed not to arrest his daughter. (*Id*. ¶¶ 24, 26.) Quigley and Sabir proceeded

---

[2] The officers also found $345.00 under the bed in the son's bedroom. (*Id*. ¶¶ 14.) Although the money belonged to plaintiff's son and had been earned by him at his job, the officers seized the money claiming that it was plaintiff's money and that it was drug-related. (*Id*. ¶¶ 14-15.) The legality of that seizure is not at issue in the present litigation.

to arrest plaintiff for the misdemeanor offense of possession of drug paraphernalia.[3] (*Id*. ¶ 27.) The pipe was not field-tested for marijuana. (*Id*. ¶ 18.) Plaintiff spent several hours at the police station before being released. (¶ 28.) The prosecutor declined to prosecute. (¶ 29.)

On April 24, 2014, plaintiff filed suit in the Superior Court for the District of Columbia, alleging that his warrantless arrest constituted common law false arrest and violated his Fourth Amendment rights. After the case was removed to federal court (Notice of Removal, May 28 2014 [ECF No. 1]), defendants filed the pending motions to dismiss.

## ANALYSIS

At common law and under the Fourth Amendment, a "warrantless arrest by a law officer is reasonable . . . where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152-53 (2004) (citing *United States v. Watson*, 423 U.S. 411, 417–424 (1976).) "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152-53 (2004) (citing *Maryland v. Pringle,* 540 U.S. 366, 371 (2003)); *see also Wesby v. District of Columbia*, No. 12-7127, 2014 WL 4290316, at *4 (D.C. Cir. Sept. 2, 2014) ("An arrest is supported by probable cause if, 'at the moment the arrest was made, . . . the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing' that the suspect has committed or is committing a crime." (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). "The assessment of probable cause is an objective one." *Wesby*, 2014 WL

---

[3] Under D.C. Code § 48-1103(a), it is a misdemeanor offense "to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inhale, ingest, or otherwise introduce into the human body a controlled substance."

4290316, at *4. Thus, "[a]n arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Devenpeck*, 543 U.S. at 152-53 (citing *Whren v. United States,* 517 U.S. 806, 812–813 (1996).)

Defendants have moved to dismiss all of plaintiff's claims on a single ground: that the facts alleged in the complaint establish *as a matter of law* that the defendant officers had probable cause to arrest plaintiff for possession of drug paraphernalia. Generally, "[t]he issue of probable cause in a false arrest case is a mixed question of law and fact that the trial court should ordinarily leave to the jury." *Amobi v. District of Columbia Dep't of Corrections*, 755 F.3d 980, 990 (D.C. Cir. 2014) (citing B*radshaw v. District of Columbia*, 43 A.3d 318, 324 (D.C. 2012)). "Only where the facts are undisputed or clearly established does probable cause become a question of law for the court." *Id*.

According to defendants' motion, the alleged facts establish that the arresting officers had probable cause because they knew two facts: (1) that plaintiff "controlled and resided in the private premises where the Officers found the paraphernalia"; and (2) that plaintiff "offered to go to jail for possession of the paraphernalia." (Mem. in Support of the District and Quigley's Mot. to Dismiss at 4, June 13, 2014 [ECF No. 4].) The most obvious flaw in defendant's argument is that there is no allegation in the complaint that plaintiff "controlled" the premises at issue, nor any allegation that compels that conclusion. To the contrary, the complaint alleges that plaintiff shared the residence with his two children, that each child had his/her own bedroom, and that the arresting officers were made aware of these facts. In addition, although defendants repeatedly state that the complaint establishes that plaintiff was the "only adult who resided in the apartment" (Mem. at 1; Reply at 1), the complaint alleges that plaintiff's son was 18 years old. Considering these allegations, the Court cannot agree with defendants that plaintiff's control of

4

the premises is an undisputed fact.

In addition, and critically, when it comes to the question of probable cause, defendants cannot cherry-pick the facts that arguably support a finding of probable cause and simply ignore the other factual allegations. *See Illinois v. Gates*, 462 U.S. 213, 230 (1983) (probable cause inquiry is based on the "totality of the circumstances"). Thus, in addition to the facts cited by defendants, the facts and circumstances that were known to the arresting officers include that (1) plaintiff was not the sole occupant of the premises but rather lived there with his 18-year old son and 16-year old daughter; (2) the pipe was found in his daughter's bedroom; (3) his son occupied the other bedroom; (4) plaintiff's living space was the living room; (5) the pipe was not plaintiff's[4] and that he did not know to whom it belonged; (6) Quigley told plaintiff that "someone" was going to be arrested for possession of drug paraphernalia and that it was up to plaintiff who that would be; and (7) plaintiff "offered" to be arrested if that meant that his daughter would not be arrested. Considering these additional factual allegations, the Court cannot say that probable cause to arrest plaintiff for possession of drug paraphernalia existed as a matter of law.[5]

## CONCLUSION

For the reasons stated in the foregoing opinion, it is hereby

---

[4] Defendants contend that the Court should ignore plaintiff's allegation that the officers knew that the pipe was not his because that is an allegation as to the officers' "state of mind." The Court disagrees. If the officers actually knew that the pipe did not belong to plaintiff, that would be a fact "known to the officers at the time of the arrest" and relevant to the issue of probable cause to arrest.

[5] Although plaintiff did not raise this issue in his response to defendants' motion, the existence of probable cause may not be a complete defense to plaintiff's common law false arrest claims as District of Columbia law places additional limits on warrantless arrests for misdemeanors. *See* D.C. Code § 23-581; *cf. Amobi*, 755 F.3d at 989 (state law on warrantless arrests does not affect the Fourth Amendment analysis).

**ORDERED** that defendants' motions to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) [ECF Nos. 4 & 6] are **DENIED**.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: September 24, 2014